UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Tou Lu Yang,

Petitioner,

vs. REPORT AND RECOMMENDATION

David Crist, Warden,
Minnesota Correctional
Facility-Stillwater;
and Mike Hatch, Minnesota
Attorney General,

Respondents. Civ. No. 01-1794 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 11th day of March, 2002.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Respondent's Motion to Dismiss the Petitioner's request for Habeas relief, under Title 28 U.S.C. §2254. The Petitioner alleges that he is being illegally detained, by the Respondents, for reasons which are violative of his rights under the Constitution, laws or the Treaties of the United States. The Petitioner appears pro se, and the Respondents appear by Linda M. Freyer, Assistant Hennepin

FILED MAR 11 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.______
DEPUTY CLERK ______

County Attorney. For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be denied.

## II. Factual and Procedural Background

The Petitioner is a State prisoner who is serving a 406-month sentence for second-degree murder, and a concurrent 213-month prison sentence for attempted murder in the second degree. See, Minnesota v. Yang, 627 N.W.2d 666, 671 (Minn.App. 2001), rev. denied (Minn. June 24, 2001). He is serving that sentence after having been convicted in 1999, by a Jury, of the noted offenses. After his Trial, the Petitioner appealed his conviction to the Minnesota Court of Appeals, where he raised numerous grounds for reversal, including:

> 1. The evidence was insufficient to support the Petitioner's conviction;
>
> 2. The State District Court erred by failing to suppress certain evidence, and by failing to provide an interpreter for one of the Petitioner's witnesses;
>
> 3. The prosecuting attorney inappropriately commented on the credibility of the State's witnesses, misstated the evidence, inflamed the Jury's passion, and denigrated the Petitioner's witnesses;
>
> 4. The State District Court erred by refusing to reopen the case after the Jury had begun its deliberations so that the Petitioner could present evidence that one of the State's

> witnesses had recanted his testimony, or by failing to order a new Trial based on that recanted testimony.

Id. at 671-72.

Notwithstanding these claimed errors, the Minnesota Court of Appeals affirmed the Petitioner's conviction and sentence, on May 8, 2001, and the Minnesota Supreme Court denied further review of the case on July 24, 2001. Id. at 666. The Petitioner has not sought further review from the State Courts, by way of a Petition for Writ of Habeas Corpus.

The Petitioner has now filed his instant Petition, under Section 2254, seeking relief from the Federal Courts. Generously construed, the Petitioner raises the following grounds for relief:

1. The State District Court violated the Petitioner's right to equal protection of the law as it relied on "ex-parte communications," between itself and the prosecution, when sentencing the Petitioner;

2. The sentencing and prosecution of the Petitioner violated his right to due process of the law as it was "vindictive;" and

3. The Petitioner's Trial counsel provided him with ineffective assistance of counsel.

Petition for Writ of Habeas Corpus, at 3-4 ("Petition").

Although he does not specify which of these claims were not raised before the State Courts, he appears to argue that, if he has failed to raise any of the claims, it is due to the fact that his Trial

counsel was not working in his interest, and that he is of Asian origin, with consequent limited knowledge of the American judicial system. See, id. at 4. As it is clear, however, that the Petitioner has not exhausted his remedies in the State Courts, without justification, we recommend that his Petition be denied, but without prejudice to its renewal upon exhaustion of his State remedies.

## III. Discussion

A. Standard of Review. Section 2254(b) prohibits the issuance of a Writ of Habeas Corpus "unless it appears that * * * the applicant has exhausted the remedies available in the courts of the State * * *." Title 28 U.S.C. §2254(b)(1)(A). Accordingly, a State prisoner, who seeks Federal Habeas relief, must first exhaust his State remedies by presenting the State Courts with a fair opportunity to rule upon the claims presented in his Federal Petition. See, O'Sullivan v. Boerckel, 526 U.S. 838, 841 (1999) (concluding that, in order to satisfy exhaustion requirement, petitioner must give the State Court of last resort a chance to review the case, even if the Court has discretionary control over its docket); Duncan v. Henry, 513 U.S. 364, 365 (1995)(stating that exhaustion requires State prisoners to "fairly present" Federal claims to the State Courts); Rose v. Lundy, 455 U.S. 509, 515 (1982)(ruling that a Federal Court must dismiss a Petition when it contains both exhausted and unexhausted claims); Dixon v. Dormire,

263 F.3d 774, 777 (8th Cir. 2001); Mills v. Norris, 187 F.3d 881, 883 (8th Cir. 1999); Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996); Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996); Krimmel v. Hopkins, 56 F.3d 873, 875-76 (8th Cir. 1995). The exhaustion requirement is based upon the principles of federalism and comity, and is designed to give the State Courts the first opportunity to correct any alleged constitutional defects in the State Court proceedings. See, O'Sullivan v. Boerckel, supra at 842; Rose v. Lundy, supra at 518-19.

In this context, a claim has not been "fairly presented" to the State Courts unless the same factual grounds, and legal theories, which are asserted in the Federal Habeas Petition, have been properly raised in the State Court proceedings. See, Duncan v. Henry, supra at 366 ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."); Abdullah v. Groose, supra at 411 ("A prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim."); Krimmel v. Hopkins, supra at 876. To satisfy the "fairly presented" requirement, a State prisoner is required, in the State proceedings, to have "'refer[red] to a specific federal constitutional right, a particular constitutional provision, a federal con-

stitutional case, or a state case raising a pertinent federal constitutional issue.'" Abdullah v. Groose, supra at 411-12, quoting Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993); see also, Frey v. Schuetzle, 151 F.3d 893, 897 (8th Cir. 1998); Wyldes v. Hundley, 69 F.3d 247, 251 (8th Cir. 1995)("To satisfy the fair presentation requirement, we traditionally demand that a habeas petitioner have presented 'the same legal theories and factual bases to the state courts,'" although "it is not necessary to cite 'book and verse on the federal constitution.'")[citations omitted]; McDougald v. Lockhart, 942 F.2d 508, 510 (8th Cir. 1991)("Explicit citation to the Constitution or to a federal case is necessary for fair presentation of a constitutional claim in state court.").

If the Petitioner has failed to exhaust his State Court remedies, and if the State Court to which he should have presented his claim would now find it procedurally barred, the claim is procedurally defaulted. See, Abdullah v. Groose, supra at 411; Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). In addition, if a Petitioner has attempted to raise a claim in State Court, but the State Court determines that the Petitioner has defaulted the claim under a State procedural rule, Federal Courts will not, as a general proposition, consider the claim on Habeas review. See, Lee v. Kemna, --- U.S. ---, 122 S.Ct. 877, 884 (2002); Coleman v. Thompson, supra

at 750; Owsley v. Bowersox, 234 F.3d 1055, 1058 (8th Cir. 2000); Sloan v. Delo, supra at 1378. Accordingly, "[a] default under a state procedural rule bars consideration of a federal claim presented to the state courts if the last state court to review the claim specifically rested its decision on an adequate and independent state ground * * *." Sloan v. Delo, supra at 1378, citing Harris v. Reed, 489 U.S. 255, 260-63 (1989); see also, Lee v. Kemna, supra at 884 ("This Court will not take up a question of federal law presented in a case 'if the decision of [the state] court rests on a state law ground that is *independent* of the federal question and *adequate* to support the judgment.'" [emphasis in original]), quoting Coleman v. Thompson, supra at 729; Murray v. Hvass, 269 F.3d 896, 898 (8th Cir. 2001); Oswley v. Bowersox, supra at 1058.

A claim that is procedurally defaulted under State law, however, is barred from Federal review only if the State procedural rule is "firmly established and regularly followed." Lee v. Kemna, supra at 884; see also, Randolph v. Kemna, 276 F.3d 401, 403 (8th Cir. 2002), citing Dixon v. Dormire, supra at 781; Murray v. Hvass, supra at 899. Under Minnesota law, it is a well-established procedural rule that, "'where [a] direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief.'" Murray v. Hvass, supra at 899, quoting Minnesota v. Knaf-

fla, 243 N.W.2d 737, 741 (Minn. 1976); see also, McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Townsend v. Minnesota, 582 N.W.2d 225, 227-29 (Minn. 1998); Roby v. Minnesota, 531 N.W.2d 482, 484 (Minn. 1995); Fox v. Minnesota, 474 N.W.2d 821, 824 (Minn. 1991); Case v. Minnesota, 364 N.W.2d 797, 799 (Minn. 1985). Generally, only where the "claim is so novel that it can be said that it's legal basis was not reasonably available to counsel at the time the direct appeal was taken and decided," will a Minnesota Appellate Court consider the claim. Roby v. Minnesota, supra at 484.

Our Court of Appeals has recognized, however, that, under Minnesota law, "a direct appeal from a judgment of conviction is not the most appropriate way to raise a claim of ineffective assistance of trial counsel because the reviewing court does not have the benefit of all the facts concerning why defense counsel did or did not do certain things." Murray v. Wood, 107 F.3d 629, 631-32 (8th Cir. 1997), citing Roby v. Minnesota, supra at 484 n.1. Further, the Court has noted that "Minnesota courts will 'consider[] ineffective assistance claims in postconviction proceedings even though [the] petitioner did not raise the claims on direct appeal.'" Id., citing Scruggs v. Minnesota, 484 N.W.2d 21, 25 (Minn. 1992).[1]

---

[1]We do not believe that a different result is reached under the Court's most recent holding, in Murray v. Hvass, 269 F.3d 896 (8th Cir. 2001), where the Court had reason to reconsider its
(continued...)

Moreover, a Federal Habeas Court may consider a Petitioner's procedurally defaulted claims if the Petitioner establishes "cause for and prejudice" from his default, see, Sawyer v. Whitley, 505 U.S. 333, 338 (1992); Joubert v. Hopkins, supra at 1242, or that he has evidence that a miscarriage of justice will occur unless his claims are reviewed, i.e., evidence of actual innocence, see,

---

[1](...continued)
earlier ruling in Murray v. Wood. In Murray v. Wood, our Court of Appeals affirmed the District Court's denial of Habeas relief, on exhaustion grounds, because the prisoner had not filed a Petition for postconviction relief in the State Court, even though he had filed a direct appeal in that Court. Determining that the State Courts of Minnesota would review such a postconviction request, notwithstanding the exhausted direct appeal, the Court concluded that the Petitioner had failed to exhaust his claim.

Following Murray v. Wood, the prisoner filed a request for postconviction relief in the State Courts, see, Murray v. State, 1998 WL 747175 at *1-2 (Minn.App., October 27, 1998), which the Minnesota State Courts denied, holding that the claim had been procedurally exhausted. The prisoner then filed a second Petition for Habeas Corpus, in the Federal District Court, "which determined that habeas relief was unavailable to [the prisoner] because the state courts had held that his claim was procedurally defaulted." Murray v. Hvass, supra at 898. On appeal, the Court of Appeals for the Eighth Circuit affirmed the District Court's decision, and rejected the prisoner's argument that, in denying his request for postconviction relief on grounds of procedural default, the Minnesota Courts had applied a rule that they had not consistently applied. Id. at 899. The Court went on to hold that, "[b]ecause '[a] federal court conducting habeas corpus review must ordinarily refrain from reviewing any issue that a state court has already found to be defaulted on an adequate and independent state-law basis,' Owsley v. Bowersox, 234 F.3d 1055, 1058 (8th Cir. 2000), and because [the prisoner] has not alleged cause and prejudice for his default or that he is actually innocent, we decline to consider the merits of his argument with respect to ineffective assistance of counsel." Id. at 900.

O'Rourke v. Endell, 153 F.3d 560, 566 (8th Cir. 1998); Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994). In order to demonstrate "cause and actual prejudice," the Petitioner must present adequate cause for abandoning his State Court remedies, and a showing of actual prejudice that has been produced as a result of his having bypassed his remedies under State law. See, Pollard v. Armontrout, 16 F.3d 295, 297 (8th Cir. 1994).

B. Legal Analysis. Clearly, the Petitioner has never sought relief in the State Court's on his claim of ineffective assistance of counsel.[2] Rather, he raised numerous other issues before the Minnesota Courts, and then came directly to Federal Court, raising this completely new issue. In short, the Petitioner has not af-

---

[2]It also appears that the Petitioner may not have presented his other two claims to the State Court on direct review of his conviction, although we can not discern the precise nature of his requested relief on direct review from the Record presently before us. Suffice to say, from the Minnesota Court of Appeals' recitation of the Petitioner's asserted grounds for relief, see, Minnesota v. Yang, 627 N.W.2d 666, 666 (Minn.App. 2001), rev. denied (Minn. June 24, 2001), it does not appear that he ever raised the issue concerning supposed "ex-parte communications" during his sentencing, or the vindictive nature of his sentencing and prosecution. Thus, these claims may well be procedurally defaulted as well, although we will not so hold at this time because of the incomplete nature of the Record presented. Moreover, since the Petitioner is claiming ineffective assistance of counsel, in addition to these claims, his procedural default may eventually be excused. See, e.g., Reagan v. Norris, 279 F.3d 651, 656 (8th Cir. 2002); Boyd v. Minnesota, 274 F.3d 497, 501 (8th Cir. 2001) ("Ineffective assistance of counsel constitutes 'cause for a procedural default.'"), citing Murray v. Carrier, 477 U.S. 478, 488 (1986).

forded the State Courts a fair opportunity to rule upon the factual and legal substance of all of the claims he attempts to present to this Court. Moreover, it not clear at this stage whether the Minnesota Courts will conclude that his claim of ineffective assistance of counsel is procedurally defaulted, or whether they will allow it to go forward. See, Murray v. Wood, supra at 631-32, and cases cited therein. Thus, we find that, at a minimum, the Petitioner has not exhausted his claim of ineffective assistance of counsel, and we conclude that he must first do so before we may legitimately consider his claims here. Moreover, even if we were to conclude that the Petitioner's other two claims were exhausted, which we cannot do on this Record, we would still be required to recommend that his Petition be denied, at this point, because it contains both exhausted and unexhausted claims. See, Rose v. Lundy, supra at 515 (ruling that a Federal Court must dismiss a Petition when it contains both exhausted and unexhausted claims). Therefore, we recommend that the Respondent's Motion to Dismiss be granted, and that the Petitioner's Habeas Petition be denied, but without prejudice to its renewal if, after the Petitioner properly exhausts his claims with the State Court, he still has a basis to pursue a Federal remedy.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Respondent's Motion to Dismiss [Docket No. 6] be granted.

2. That the Petition for Writ of Habeas Corpus [Docket No. 1] be denied, but without prejudice.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 28, 2002,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no**

**later than March 28, 2002,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.